IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HOWARD KEEL II,         ) | 06-CV-1073 AWI JMD HC |
| )  | |
| Petitioner,   ) | ORDER GRANTING IN PART AND |
| v.           ) | DENYING IN PART REQUEST FOR |
| )  | CERTIFICATE OF |
| JAMES TILTON, DIRECTOR,    ) | APPEALABILITY |
| )  | |
| Respondent.   ) | |
| )  | |
| _____) | |

Petitioner Joe Howard Keel II, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 5, 2009, the court adopted the Magistrate Judge's Findings and Recommendations and denied the petition.   In the court's order, the court stated that it declined to issue a certificate of appealability.   On October 26, 2009, Petitioner filed a notice of appeal, along with a request for a certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
   (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
   (B) the final order in a proceeding under section 2255.
   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The court reaffirms its prior denial of a certificate of appealability on the petition's merits.   If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  Miller-El, 537 U.S. at 337-38.  In this case, jurists of reason would not disagree with the district court's denial of the petition on the grounds addressed.   The evidence of Petitioner's intoxication was presented to the jury and the jury was properly instructed as to how they could consider this evidence in reaching their verdict.   Reasonably jurists would not disagree with this court's findings.

However, in the request for a certificate of appealability, Petitioner also asks for a certificate of appealability on whether the Magistrate Judge properly denied his request to stay the petition and amend his petition with newly exhausted claims.   When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would

2

find it debatable whether the district court was correct in its procedural ruling.  <u>Slack</u>, 529 U.S. at 484-85.   In the present case, the court finds that reasonable jurists might disagree with this court's determination that Petitioner had not made the required showing to have the court allow him to amend his petition.   While this court does not find a procedural or constitutional error, the court finds the standard set forth in 28 U.S.C. § 2253 has been met.

     Accordingly, the court hereby ORDERS that Petitioner's request for a certificate of appealability is GRANTED on the issue of whether the Magistrate Judge correctly determined that Petitioner was not entitled to a stay or to amend his petition with newly exhausted claims. The request for a certificate of appealability is denied in all other respects.   The Clerk of the Court is DIRECTED to serve a copy of this order on the parties and the Ninth Circuit.

IT IS SO ORDERED.

**Dated:   November 20, 2009**           /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE